M. ZERMAN REALTY & BUILDING CORP., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. BOROUGH OF WESTWOOD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued March 4, 1974—Decided May 8, 1974.

*Mr. Richard G. Kroner* argued the cause for plaintiff-apellant (*Mr. Gerald S. Meisel,* attorney).

*Mr. Robert E. McGuire* argued the cause for defendant-respondent (*Messrs. Randall, Randall & McGuire,* attorneys; *Mr. McGuire,* of counsel and on the brief).

PER CURIAM. The facts in this matter are succinctly set forth in the opinion of the Appellate Division, 128 *N. J. Super.* 186 (1973). We affirm its judgment with one modification.

The record clearly supports the factual findings of the trial judge. Plaintiff M. Zerman Realty & Building Corp. [hereinafter Zerman] and the bonding company were jointly and severally liable on a performance bond given as a guarantee for completion, in a workmanlike manner, of certain subdivision improvements. When the work was not accomplished in accordance with agreement, the Borough of Westwood threatened to sue the surety on the bond. Negotiations were undertaken with the complete knowledge, consent and acquiescence of Zerman, through its president. As a result, the dispute was settled for $17,500 which the surety paid to the Borough. The Borough issued a general release to the bonding company in full satisfaction of any claims against it. The acceptance of the settlement constituted

complete satisfaction of any obligations of Zerman and the bonding company under the bond.

The record is also clear that after the settlement, the Borough never requested Zerman to do any additional work on the subject premises. Instead, the Borough itself undertook to complete the unfinished items.

■ ■ The intention is clear that the release was in favor of the plaintiff as well as the surety company. In view of the release, there can be no further recovery. This is not a situation where the principal seeks a discharge by imposing the surety's release as a bar to liability. In this case, the principal seeks to *avoid* discharge by asserting the surety's release. Therefore, the general rule that release of a surety does not automatically discharge a principal is not applicable. Certainly, it would not be equitable in this case. *Restatement, Contracts,* § 123 (1932).

■ The Borough still retains the sum of $7,179.45. Zerman claims that Westwood is unjustly enriched by such retention. This is not so. The requisite work of grading and seeding on various lots called for under the original agreement was never completed by the developer subsequent to the release and remains for the Borough to finish. The Borough never requested Zerman to do this work. Since Zerman has not shown that the Borough derived a benefit at plaintiff's expense, it follows that Westwood was not unjustly enriched. 12 *Williston, Contracts* (3d ed. 1970), § 1482, pp. 297–298.

In view of the foregoing, plaintiff is not entitled to an accounting for any monies received by Westwood nor entitled to any part of the monies other than $603.14 which the Borough admits is the remaining balance of $4,700, which had been deposited for legal fees and emergency costs. *Bellingham v. Palmer,* 54 *N. J. Eq.* 136 (Ch. 1895).

The judgment of the Appellate Division is affirmed as modified.

*For affirmance as modified*—Chief Justice HUGHES and Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—6.

*For reversal*—None.